IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-48-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 7, 2017, Petitioner Shayne Bertelsen filed documents which the Court has construed as an action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Bertelsen is a state prisoner proceeding pro se.

Following a jury trial held in the Eighth Judicial District Court, Cascade County, on January 23-25, 2017, Bertelsen was convicted of Incest. (Doc. 1 at 2). It appears that Bertelsen has not yet been sentenced.

Bertelsen alleges that he was convicted using false evidence (*Id*. at 1-2); he is actually innocent of the crime (*Id*.); Child Protection Services unlawfully "coached" the victim (*Id*. at 3; *see also* Doc. 1-1 at 1-2); exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. at 83 (1963) (*Id*.; doc. 1-1 at

---

[1] The Court has filed the documents under seal because they contain the names of minor children.

1

4-5); and, law enforcement officers failed to investigate and colluded with others to creating an illegal forensic interview (*Id*. at 3-4).

I. Analysis

For the reasons discussed below, Bertelsen's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted. Dismissal should be without prejudice.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *Id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)). A

petitioner must meet all three prongs of the test in one proceeding.

Bertelsen's own filings make clear that his state jury trial occurred earlier this year; it does not appear that he has been sentenced.[2] Accordingly, there are still remedies available to Bertelsen under state law, including direct and collateral review. Bertelsen has not exhausted his state remedies. 28 U.S.C. §2254(c). Because Bertelsen has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Bertelsen may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

---

[2] See e.g., Montana Correctional Offender Network: https://app.mt.gov/conweb/Home/OffenderNumber/3019644 (accessed June 8, 2017).

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Bertelsen has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bertelsen may object to this Findings and Recommendation within 14

days.³ 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Bertelsen must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 12th day of June 2017.

       */s/ John Johnston*
       John Johnston
       United States Magistrate Judge

---

³ As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.