FILED
JUL 10 2017
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>               Plaintiff,<br>vs.<br><br>STATE OF MONTANA,<br><br>               Defendant. | CV-17-48-GF-BMM<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner Shayne Bertelsen filed documents seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 7, 2017. United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter. (Doc. 2.) Judge Johnston recommended that the Court dismiss Bertelsen's petition. *Id.* at 2. Bertelsen filed an objection. (Doc. 4.) The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C).

## I. BACKGROUND

A jury convicted Bertelsen of incest on January 25, 2017, in the Eighth Judicial District Court, Cascade County, Montana. (Doc. 1 at 2.) Bertelsen apparently has not been sentenced, although his objection states that his sentencing was scheduled for July 6, 2017. (Doc. 4.) Bertelsen alleges that he was convicted

1

using false evidence and that he is actually innocent of the crime. *Id.* at 1-2. Bertelsen further asserts that Child Protection Services unlawfully "coached" the victim. *Id.* at 3; *see also* Doc. 1-1 at 1-2. He contends that the prosecution withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. at 83 (1963). *Id.*; Doc. 1-1 at 4-5. He further alleges that law enforcement officers failed to investigate and colluded with others to create an illegal forensic interview. *Id.* at 3-4.

## II. DISCUSSION

Judge Johnston recommended that the Court dismiss Bertlesen's petition because he had failed to exhaust the remedies available to him in the state court system. (Doc. 2 at 2.) Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). Principles of comity ground the exhaustion requirement and give states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must meet a three-part test in one proceeding. First, the petitioner must demonstrate that he has used the "remedies available" through the state's established procedures for appellate

2

review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Second, the petitioner must describe "the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). Third, the petitioner must describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *Id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971), and *Anderson v. Harless*, 459 U.S. 4 (1982)).

Remedies remain for Bertelsen under state law, including direct and collateral review. He has not exhausted his state remedies and this Court cannot review his claims. 28 U.S.C. §2254(c); *See Rose v. Lundy*, 455 U.S. 509 (1982). Bertelsen may return to this Court if and when he fully exhausts the claims relative to his current custody in the state courts.

### III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 2) is **ADOPTED IN FULL**. Bertelsen's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED** for the reasons stated in the Findings and Recommendations. (Doc. 2 at 3-4.)

3

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter by separate document a judgment in favor of Respondents against Petitioner.

DATED this 10th day of July, 2017.

*[signature]*

Brian Morris
United States District Court Judge

4